UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASBRINDER SAHNI,

                              Plaintiff,

        -against-                                                    14-cv-1616 (NSR)

LEGAL SERVICES OF THE HUDSON VALLEY,                                  OPINION & ORDER

                              Defendant.

NELSON S. ROMÁN, United States District Judge:

Plaintiff Jasbrinder Sahni ("Plaintiff") initiated this action against Legal Services of the

Hudson Valley ("LSHV," or "Defendant") for employment discrimination, pursuant to Title VII

of the Civil Rights Act of 1964 ("Title VII"); the Age Discrimination in Employment Act of

1967 ("ADEA"); the Americans with Disabilities Act of 1990 ("ADA"); and New York State

Human Rights Law, N.Y. Exec. Law §§ 290-297. Before the Court is Defendant's motion to

dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(c). For the following

reasons, Defendant's motion to dismiss is granted and the Complaint is dismissed, but Plaintiff is

granted leave to file an amended complaint.

## BACKGROUND

Unless otherwise noted, the following facts are derived from the allegations in the

Complaint and from those in Plaintiff's verified complaint and rebuttal, filed with the New York

State Division of Human Rights ("NYSDHR"). The verified complaint and rebuttal are attached

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/2015

to the Complaint in this action as Exhibit 1, and referred to throughout the Complaint. For

purposes of this motion, the Court accepts as true the facts as stated in the Complaint.[1]

## I.     Factual Background

Plaintiff alleges that LSHV, his former[2] employer, discriminated against him on the basis

of his age, gender, and national origin, and retaliated against him because he opposed its

discriminatory practices and had previously raised complaints about such practices. (*See* Compl.

¶ 1, ECF No. 1.)

On May 7, 2013, Plaintiff filed a verified complaint (the "Verified Complaint") with the

NYSDHR charging LSHV with unlawful discriminatory practices relating to employment

because of age, national origin, race/color, sex, and retaliation, in violation of N.Y. Exec. Law.

art. 15 (NY Human Rights Law). [3] (*See id*. at ¶¶ 1-2; *see also* Maheran Aff. Ex. B (NYSDHR

Determination and Order After Investigation, Nov. 1, 2013 ["NYSDHR Determination"]) at 1.)

Defendant LSHV filed a statement with the NYSDHR denying the allegations in the Verified

Complaint. (NYSDHR Determination at 1-2.) Plaintiff then submitted a rebuttal statement, with

exhibits, expanding on his original claims and further asserting disability discrimination claims.

(*See generally* Compl. Ex. 1.) The factual allegations asserted by Plaintiff as to Defendant's

---

[1] In deciding the instant motion, the Court considers not only the allegations in the Complaint, but also documents incorporated by reference in the Complaint or that Plaintiff necessarily relief upon in bringing this action. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002). The Court notes, however, that Plaintiff filed an affidavit in opposition to Defendant's motion that contains additional factual allegations raised solely in the opposition papers and not contained in the original Complaint. "[P]arties cannot amend their pleadings through issues raised solely in their briefs." *Fadem v. Ford Motor Co.,* 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005). Thus, these facts are irrelevant to the determination of whether Plaintiff's Complaint, as it stands, should be dismissed. Nevertheless, as discussed *infra*, the Court "fully takes these facts into account for the different purpose of determining whether plaintiff should be granted leave to amend his Complaint." *Pollio v. MF Global, Ltd.*, 608 F. Supp. 2d 564, 568 n.1 (S.D.N.Y. 2009).

[2] Plaintiff was still employed at LSHV at the time he filed the Complaint in this action, but appears to have since been terminated. (*See* Sahni Aff. ¶ 2.)

[3] The Complaint alleges that Plaintiff filed a complaint with the NYSDHR on June 7, 2013. (Compl. ¶ 2.) The NYSDHR's decision on Plaintiff's claims, however, as well as the New York State Supreme Court opinion affirming the NYSDHR decision noted that Plaintiff's verified complaint was filed with NYSDHR on May 7, not June 7. (*See* NYSDHR Determination at 1; Maheran Aff. Ex. C (*In the Matter of the Application of Jasbrinder S. Sahni*, Index No. 4167-13, Decision, Order & Judgment) at 4.)

discriminatory practices are extensive and detailed, but many of the details are not relevant to the instant motion. Broadly speaking, Plaintiff alleged that LSHV discriminated against him by, *inter alia*: dumping additional cases on him to overburden him and then denying review of his caseload; denying his vacation requests; preventing him from organizing files in order to discipline him; holding him to higher performance standards than other attorneys; suspending him in retaliation for complaints that he was being discriminated against; improperly disciplining him based on exaggerated and fabricated facts; and involuntarily transferring him to another office. (*See* Compl. Ex. 1 (Pl.'s NYSDHR Rebuttal) at 5-25.)

Following its investigation, the NYSDHR issued a Determination and Order After Investigation on November 1, 2013, finding that there was "no probable cause to believe that the respondent [LSHV] has engaged in or is engaging in the unlawful discriminatory practice complained of." (NYSDHR Determination at 1.) Specifically, the NYSDHR noted that its "investigation revealed that even if the Complainant [Sahni] was able to refute the reasons given by the Respondent [LSHV] for how he was treated, he would still be unable to connect that treatment to his class membership." (*Id*. at 2.) The agency further noted that as to Plaintiff's retaliation claim, "since no adverse employment action was taken against the Complainant [Sahni] by the Respondent [LSHV], he cannot establish the requisite causal connection between protected activity and an adverse employment action." (*Id*. at 3.)

On December 24, 2013, Plaintiff filed a Verified Petition in the New York State Supreme Court, Westchester County, followed by an Amended Verified Petition on January 24, 2014, seeking review of the NYSDHR's "no probable cause" determination. (*See* Compl. ¶ 3; *see also* Maheran Aff. Ex. C[4] at 8.) A decision was issued in the state court on July 7, 2014, upholding

---

[4] Exhibit C to the Maheran Affidavit is the Decision, Order & Judgment of the New York Supreme Court, Westchester County, in Plaintiff's state court appeal from the NYSDHR's "no probable cause" determination. The

the NYSDHR's "no probable cause" determination and dismissing Plaintiff's Amended Petition

under both N.Y. Executive Law § 298 and Article 78 of the N.Y. C.P.L.R. (*See* Maheran Aff.

Ex. C at 9-10.) The state court's decision and judgment was issued after Plaintiff had initiated

this action in federal court, but before Defendant filed the instant motion to dismiss.

## II.      Procedural History

Plaintiff initiated the instant action in federal court on March 10, 2014, alleging claims of

discrimination on the basis of gender/sex, national origin, age, and disability. (*See* Compl. at 3.)

Defendant filed an Answer on April 10, 2014. (*See* Answer, ECF No. 8.) Defendants moved to

dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(c) on December 2, 2014.

(*See* Mot. Dismiss, ECF No. 24.)

## STANDARD ON A RULE 12(C) MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early

enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P.

12(c). Courts evaluate a Rule 12(c) motion for judgment on the pleadings under the same

standard as a Rule 12(b)(6) motion for failure to state a claim. *U.S. ex rel. Krol v. Arch Ins. Co.*,

46 F. Supp. 3d 347, 349 (S.D.N.Y. 2014) (citing *Nicholas v. Goord*, 430 F.3d 652, 657 n.8 (2d

Cir. 2005). Thus, in considering a motion to dismiss brought pursuant to Rule 12(c), the court

must accept as true all allegations in the complaint and draw all reasonable inferences in favor of

the non-moving party. *Hayden v. Paterson,* 594 F.3d 150, 160 (2d Cir. 2010). "To survive a Rule

12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that

is plausible on its face.'" *Graziano v. Pataki,* 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl.*

---

Court takes judicial notice of the decision in the state court matter. *See Johnson v. Pugh*, No. 11-CV-385 (RRM)
(MDG), 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) ("A court may take judicial notice of matters of public
record, including pleadings, testimony, and decisions in prior state court adjudications.") (citing *Rothman v. Gregor,*
220 F.3d 81, 92 (2d Cir. 2000)).

*Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). Where a party has moved under Rule 12(c), "[a] complaint will only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Patel v. Searles*, 305 F.3d 130, 135 (2d Cir. 2002) (internal quotations omitted).

The court should read *pro se* complaints "to raise the strongest arguments that they suggest." *Kevilly v. New York,* 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006)). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to 'raise a right to relief above the speculative level.'" *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

"In its review, the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it." *Heckman v. Town of Hempstead*, 568 Fed. App'x 41, 43 (2d Cir. 2014). The Court may also consider "facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Id*. This includes court filings and records of administrative agency proceedings. *See Rullan v. New York City Dept. of Sanitation*, No. 10 Civ. 8079, 2011 WL 1833335, at *1 n.1 (S.D.N.Y. May 12, 2011); *Evans v. New York Botanical Garden*, No. 02 Civ. 3591, 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002) ("A court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment.").

## DISCUSSION

### I.   Collateral Estoppel

Defendants aver that Plaintiff's claims in this action are barred by the doctrine of

collateral estoppel because Plaintiff has already unsuccessfully litigated his discrimination and

retaliation claims in state court and the judgment of the state court is entitled to preclusive effect

in this court. (*See* Def.'s Mem. at 1.)

The doctrine of collateral estoppel, or issue preclusion, "refers to the effect of a judgment

in foreclosing relitigation of a matter that has been litigated and decided." *Migra v. Warren City

Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). "[I]nferior federal courts have no subject

matter jurisdiction over suits that seek direct review of judgments of state courts, or that seek to

resolve issues that are 'inextricably intertwined' with earlier state court determinations." *Vargas

v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004). Under federal law, collateral estoppel

applies when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was

actually litigated and decided in the previous proceeding; (3) the party had a full and fair

opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a

valid and final judgment on the merits." *Austin v. Downs, Rachlin & Martin*, 270 F. App'x 52,

53-54 (2d Cir. 2008). Similarly, under New York law, federal courts must give preclusive effect

to state court judgments "if the issue in the second action is identical to an issue which was

raised, necessarily decided and material in the first action, and the plaintiff had a full and fair

opportunity to litigate the issue in an earlier action." *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d

Cir. 2002) (quoting *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 349 (1999)); *see also

Latino Officers Ass'n v. City of New York*, 253 F. Supp. 2d 771, 783 (S.D.N.Y. 2003) ("[T]his

Court is obliged to give the same issue preclusive effect to the Article 78 proceedings as would

be given by the courts of New York."). "The burden of showing that the issues are identical and

necessarily were decided in the prior action rests with the party seeking to apply issue preclusion while the burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues rests with the party opposing its application." *Latino Officers Ass'n*, 253 F. Supp. 2d at 783.

The Supreme Court in *Kremer* held that the decision of a New York state court affirming a dismissal by the New York State Department of Human Rights ("NYSDHR") was entitled to preclusive effect in a later federal lawsuit brought by the same plaintiff because the employment discrimination issue had been raised in the earlier action, had been decided in the earlier action, and the procedure employed by the NYSDHR for investigating complaints, in conjunction with the opportunity for judicial review, had provided the plaintiff with a full and fair opportunity to litigate the employment discrimination issue. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 479-85 (1982); *see also Yan Yam Koo v. Dep't of Buildings of City of New York*, 218 F. App'x 97, 99 (2d Cir. 2007) ("While the agency determination in and of itself did not preclude his action, preclusive effect attached once the state court reviewed and affirmed the [NY]SDHR's finding of no probable cause."); *Rullan v. New York City Sanitation Dep't*, No. 13 Civ. 5154 (JGK), 2014 WL 2011771, at *5 (S.D.N.Y. May 16, 2014) ("Litigants have had a full and fair opportunity to litigate the adequacy of an SDHR no probable cause finding if they have obtained a merits review of the no probable cause finding in a New York State court.") *aff'd*, No. 14-2127, 2015 WL 3771755 (2d Cir. June 18, 2015); *Pajooh v. Dep't of Sanitation City of New York*, No. 11 Civ. 03116 (LTS) (MHD), 2012 WL 4465370, at *3-*4 (S.D.N.Y. Sept. 27, 2012) (finding collateral estoppel applied where NY state court had affirmed NYSDHR's finding of no probable cause) *aff'd*, 547 F. App'x 73 (2d Cir. 2013); *Sank v. City Univ. of New York*, No. 10 Civ. 4975, 2011 WL 5120668, at *4 (S.D.N.Y. Oct. 28, 2011) ("Having chosen to pursue her

claims . . . before the NYSDHR and to then seek judicial review of that administrative determination in New York state court, collateral estoppel now precludes [Plaintiff] from pursuing Title VII, ADEA, ADA, NYSHRL, NYCHRL or any other discrimination or retaliation claims in federal court based upon the very same facts and circumstances.").

This case is essentially identical to *Kremer* and its progeny. The issues raised by Plaintiff in the Complaint—whether he was discriminated and retaliated against by LSHV—are identical to the issues raised in the proceedings before the NYSDHR and New York Supreme Court. Defendant has met its burden of showing that "the issues are identical and necessarily were decided in the prior action." *Latino Officers Ass'n*, 253 F. Supp. 2d at 783. Plaintiff, as the party opposing the application of collateral estoppel/issue preclusion, has not shown "that the prior action did not afford a full and fair opportunity to litigate the issue." *Id*. *Kremer* and later cases counsel that the NYSDHR's procedure for investigating complaints, in conjunction with judicial review in a New York state court, provide plaintiffs with a full and fair opportunity to litigate the issues in their discrimination complaints. Therefore, Plaintiff is collaterally estopped from litigating in federal court any of his claims which formed a part of the NYSDHR investigation and the New York Supreme Court's subsequent ruling upholding the agency's "no probable cause" determination, and these claims must be dismissed.

## II.     Res Judicata

Defendant avers that any new facts or claims asserted in the Complaint or in Plaintiff's affidavit[5] in opposition to the instant motion that accrued prior to the NYSDHR's determination

---

[5] Plaintiff alleges, in an affidavit submitted with his opposition papers, further acts of discrimination and additional facts above and beyond what is included in the Complaint. (*See* Sahni Aff., ECF No. 29.) The Court "takes these facts into account for the . . . purpose of determining whether plaintiff should be granted leave to amend his Complaint." *Pollio v. MF Global, Ltd.*, 608 F. Supp. 2d 564, 568 n.1 (S.D.N.Y. 2009).

are barred by the doctrine of res judicata because they could have and should have been raised before the administrative agency but were not. (Def.'s Reply Mem. at 4-5.)

The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from litigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 169 (2d Cir. 2012); *Rullan v. New York City Sanitation Dep't*, No. 13 Civ. 5154 (JGK), 2014 WL 2011771, at *4 (S.D.N.Y. May 16, 2014) *aff'd*, No. 14-2127, 2015 WL 3771755 (2d Cir. June 18, 2015). Under New York law, claim preclusion "bars litigation of claims or defenses that were or could have been raised in a prior proceeding where that prior proceeding resulted in a final judgment on the merits and arose out of the same factual grouping as the later claim, even where the later claim is based on different legal theories or seeks dissimilar or additional relief." *Latino Officers Ass'n v. City of New York*, 253 F. Supp. 2d 771, 781 (S.D.N.Y. 2003).

The doctrine of res judicata applies where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff[] or those in privity with [him]; (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). "Under New York law, a claim will be barred by a determination in an earlier action if both causes of action are grounded on the same gravamen or are part of the same 'factual grouping,' even if the later claim is brought under a different legal theory of recovery." *Kirkland v. City of Peekskill*, 828 F.2d 104, 110 (2d Cir. 1987).

Here, the gravamen of Plaintiff's Complaint in this case and of his Verified Complaint to the NYSDHR is the same, and the claims in the respective proceedings are part of the same

9

"factual grouping." They arise from the same set of events, namely specific acts by LSHV that

Plaintiff alleges were discriminatory and retaliatory towards him in nature. The previous state

court action involved Plaintiff himself. It also involved an adjudication and final judgment on the

merits of the claims, as the NYSDHR determined that there was not sufficient evidence to

support Plaintiff's claims of discrimination and retaliation, and then the agency's decision was

upheld by the New York State Supreme Court. *See Pajooh v. Dep't of Sanitation City of New*

*York*, No. 11 Civ. 03116 (LTS) (MHD), 2012 WL 4465370, at \*3 (S.D.N.Y. Sept. 27, 2012)

*aff'd*, 547 F. App'x 73 (2d Cir. 2013) ("Plaintiff's Complaint here is barred by *res judicata*

because the dismissal of his state action against the [employer] was a final judgment on the

merits."). The claims asserted before this court are also claims that were raised in the state

action. Thus, the allegations in Plaintiff's Complaint are barred not only by collateral estoppel,

but also by res judicata. Further, any claims and/or allegations that Plaintiff wishes to add in an

amended complaint that arose before the NYSDHR issued its "no probable cause" determination

are also barred by res judicata, because they "could have been raised in the prior action." *See*

*Monahan*, 214 F.3d at 285.

## III.     Exhaustion, "Reasonably Related" Claims, and Plaintiff's New Allegations

Plaintiff contends that "[t]he new Charges stated in [the] attached Plaintiff's affidavit

demonstrate that after dismissal of the prior Charges . . . by the Administrative Agencies,

Plaintiff continued to face retaliation and disparate treatment," and therefore Defendant's

argument that collateral estoppel applies is unavailing. (Pl.'s Opp'n at 1, ECF No. 28.) He further

argues that the Court has jurisdiction to consider these new charges even though they were not

raised before the EEOC because these allegations are "reasonably related" to those contained in

his EEOC charge and therefore exhaustion of administrative remedies is not necessary. (*Id*.)

Defendant avers, however, that Plaintiff's claims are not properly before this Court, and therefore cannot serve as predicate claims for reasonably related allegations. (Def.'s Mem. at 7.)

Exhaustion is ordinarily an "essential element" of any Title VII claim.[6] *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). Thus, "[a] district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." Torbert v. Sony Electronics, Inc., 199 F.3d 1323 (2d Cir. 1999); Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993).

A claim that was not raised in an EEOC complaint may still be brought in federal court if it is "reasonably related" to the claim that was filed with the agency. *See* Butts, 990 F.2d at 1401; *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70-71 (2d Cir. 2006). This exception to the exhaustion requirement "is essentially an allowance of loose pleading" based on a recognition that "EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 158 (2d Cir. 2008).

In the Second Circuit, "[a] claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Fitzgerald v. Henderson*, 251 F.3d 345, 359–

---

[6] Whether Plaintiff has actually exhausted the administrative process appears to be an open question. Plaintiff has not alleged in the Complaint or in his opposition papers that he received a Notice of Right to Sue letter from the EEOC; in addition, the Complaint asserts that he has *not* received such a letter. (*See* Compl. at 4 (Section III.B).) "Title VII requires an individual to exhaust his or her administrative remedies by raising those claims with the EEOC *and by obtaining a Right to Sue letter* before bringing such claims in federal court." *Pajooh v. Dep't of Sanitation City of N.Y.*, No. 11 Civ. 03116 (LTS) (MHD), 2012 WL 4465370, at *4 (S.D.N.Y. Sept. 27, 2012) (emphasis added); *see* 42 U.S.C. § 2000e-5(f). The ADA similarly requires an individual to obtain a Notice of Right to Sue letter before filing his claims in federal court, though receipt of such a letter from the EEOC is not required for ADEA claims. *See* 42 U.S.C. § 12117(a) (setting forth that "powers, remedies, and procedures" for enforcement under ADA are same as under Title VII); 29 U.S.C. § 626(d) (requiring filing of charge with EEOC under ADEA, but not receipt of notice, i.e., notice of right to sue letter). The parties, however, did not address this issue in the motion papers. Thus, the Court declines to reach the question at this time, because the Complaint is dismissed on other grounds.

60 (2d Cir. 2001) (internal quotation marks omitted). In making this determination, the Court's

"focus should be on the factual allegations made in the [EEOC] charge itself, describing the

discriminatory conduct about which a plaintiff is grieving." *Deravin v. Kerik*, 335 F.3d 195, 201

(2d Cir. 2003) (internal quotation marks omitted; alteration in original). The question at the heart

of this inquiry is whether the EEOC complaint gave the agency "adequate notice to investigate

discrimination on both bases." *See id*. at 202. The Second Circuit in *Butts* noted two other types

of scenarios in which a plaintiff can bring federal discrimination claims without first asserting

them before an administrative agency because the claims are "reasonably related" to exhausted

claims, in addition to the "allowance of loose pleading" described above. A second type of

"reasonably related" claim is one in which the plaintiff alleges retaliation for filing an EEOC

charge. *Butts*, 990 F.2d at 1402. The third type of "reasonably related" claim is one "where a

plaintiff alleges further incidents of discrimination carried out in precisely the same manner

alleged in the EEOC charge." *Id*. at 1402-03. Any "reasonably related" claim, however, must be

related to a predicate claim that is validly before the Court. *Id*. at 1403.

Some of the claims alleged by Plaintiff in his opposition affidavit are "reasonably

related" to the claims in his NYSDHR and EEOC charges. For example, Plaintiff specifically

alleges that LSHV "retaliated against [him] and disciplined [him] for complaining to

Administrative Agencies that [he] was treated disparately at the All Staff Meeting." (Sahni Aff.

at 8, ¶¶ 29-35.) Thus, he seems to be asserting that at least some of the disciplinary actions not

raised before the NYSDHR or EEOC constitute retaliation for filing an administrative complaint,

which would bring those claims under the second category of "reasonably related" claims set

forth by the Second Circuit. *See Butts*, 990 F.2d at 1402. In addition, at least some of the later

conduct described by Plaintiff involves allegations that he was overburdened with an excessively

large caseload and denied review of his caseload, denied permission to attend trainings, retaliated against, and forced to work in a hostile work environment. The incidents alleged occurred after the NYSDHR had made its determination on Plaintiff's claims, but are in some ways similar to his earlier allegations before the administrative agency. (*See, e.g.*, Compl. Ex. 1 (Pl.'s NYSDHR Rebuttal) at 5 (alleging Plaintiff was overburdened and denied caseload review).) At least some of the later incidents of alleged discrimination appear to have been "carried out in precisely the same manner alleged in the [administrative] charge," making them "reasonably related" claims of the third category. *See Butts*, 990 F.2d at 1402-03.

Defendant avers that because Plaintiff's claims are not properly before this Court due to the preclusive effect of the state court's ruling, they cannot serve as predicates for reasonably related claims arising after the NYSDHR's determination. (Def.'s Mem. at 7.) Defendant cites to *Butts* for this proposition, but Defendant's reliance on the case is inapposite. The Second Circuit in *Butts* noted that "[m]ost of the allegations in [Plaintiff's] EEOC charge are *time-barred* and thus cannot serve as predicates for allegations in the complaint said to be reasonably related." *Butts*, 990 F.2d at 1403 (emphasis added). Thus, the claims could not serve as predicates for any reasonably related claims because they were not properly before the EEOC to begin with, not simply because they were not properly before the district court. In fact, the court specifically noted that many of the plaintiff's claims were "not reasonably related to timely allegations *in her EEOC charge*." *Id.* (emphasis added).  That is not the case here. Plaintiff's claims appear to have been timely submitted to the NYSDHR and EEOC, and Defendants have not argued otherwise.

Plaintiff has previously sought leave to amend his complaint. (*See* Pl.'s Letter to Court[7] (Dec. 3, 2014) at 1 ("Defendant is misrepresenting the fact that Plaintiff has not sought

---

[7] The Court notes that Plaintiff's letter from December 3, 2014, also appears to be an attempt to file a sur-reply brief, as Plaintiff sets forth new legal arguments rebutting those made in Defendant's reply brief. (*See* ECF No.

permission to amend his pro se Complaint. The record is clear that on October 17, 2014, Plaintiff

has requested the Court's permission to serve an Amended Complaint . . . ."[8]), ECF No. 33.)

Generally, a party may amend a pleading once as a matter of course or at any time before trial

with leave of the court. Fed. R. Civ. P. 15(a)(1)–(2). If a party seeks leave to amend a pleading,

"[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Based on

Plaintiff's submissions, it appears that he may be able to allege claims that are "reasonably

related" to those in his EEOC and NYSDHR charges, but that arose after the NYSDHR's "no

probable cause" determination. Thus, Plaintiff is granted leave to amend his complaint. *Cf.*

*Rullan v. New York City Sanitation Dep't*, No. 13 Civ. 5154 (JGK), 2013 WL 4001636, at *2

(S.D.N.Y. Aug. 6, 2013) ("Because the plaintiff may bring claims predicated on facts that arose

after his previous complaint was filed, the plaintiff is given leave to amend his complaint to

provide further details about his discrimination claims.").

Plaintiff should take care, however, not to raise claims in his amended complaint that are

barred by collateral estoppel and/or res judicata, as discussed earlier in this Opinion. Plaintiff

should also note the specific standard for "reasonably related" claims set forth in *Butts*, as

discussed above, and only include claims that meet one of the three prongs, as not all of the

additional allegations asserted in Plaintiff's opposition affidavit fall into these three categories of

reasonably related claims.

---

33 at 2.) Plaintiff did not seek leave to file a sur-reply brief, as required by the undersigned's Individual Rules of Practice in Civil Cases. (*See* Indiv. Rules, Section 3.B ("Sur-reply memoranda will not be accepted without prior permission of the Court.").) Simply styling these arguments in letter form does not allow a party to circumvent the requirement that he receive permission to file further briefing on a motion. Thus, while the Court takes note of Plaintiff's representation in this letter regarding his requests for leave to amend the Complaint, the additional legal arguments made in rebuttal to Defendant's reply brief are not considered as part of Plaintiff's opposition.

[8] Plaintiff had requested a stay of the proceedings or leave to file an amended complaint to incorporate facts that occurred after this action was filed. (*See* ECF No. 21.) The Court denied Plaintiff's request at that time. (*See* Mem. Endorsement, ECF No. 23.)

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted, and the Complaint is dismissed. Plaintiff, however, is granted leave to file an amended complaint in accordance with this Opinion and Order.

Plaintiff shall have until 21 days from the date of this Order to file an amended Complaint, but only as to those claims that accrued after the date of the NYSDHR's "no probable cause determination" and are "reasonably related" to the claims in his NYSDHR/EEOC charge, as discussed *supra*. If Plaintiff elects to file an amended complaint, Defendant shall have until 30 days from the date of Plaintiff's filing to move or file responsive pleadings. If Plaintiff does not file an amended complaint, the case shall be deemed closed.

A case management conference is scheduled for October 30, 2015, at 11:00 a.m., at the United States Courthouse, 300 Quarropas Street, Courtroom 218, White Plains, New York 10601. The parties shall confer in accordance with Fed. R. Civ. P. 26(f) at least 21 days prior to the conference and attempt in good faith to agree upon a proposed discovery plan that will ensure trial readiness within six months of the conference date. The parties shall also complete an amended Civil Case Discovery Plan and Scheduling Order and bring it to the conference.

The Clerk of the Court is respectfully directed to terminate the motion at Docket No. 24.


Dated:   August /2, 2015                          SO ORDERED:
         White Plains, New York

                                                  _____
                                                  NELSON S. ROMÁN
                                                  United States District Judge